IN THE UNITED STATES DISCTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 5:19-MJ-01002 |
| Plaintiff | ) | JUDGE CHRISTOPHER A. BOYKO |
| -vs- | ) | **DEFENDANT'S COMBINED RESPONSE TO UNITED STATES' MOTION TO REVOKE MAGISTRATE JUDGE'S BOND ORDER AND PROFFER OF ADDITIONAL EVIDENCE** |
| DONYEA NELSON, | ) | |
| Defendant | ) | |

Now comes Defendant, Donyea Nelson, by and through counsel, in response to the United States' Motion for Revocation of the Magistrate Judge's Bond Order. Defendant also respectfully moves this court to permit Defendant to proffer additional evidence in support of the Magistrate Judge's Order granting Defendant bond with additional conditions. Both the response and motion are supported by the attached memorandum of law.

Respectfully submitted,

DONALD J. MALARCIK (0061902)
Attorney for Defendant
54 E. Mill Street, Suite 400
Akron, Ohio 44308
(330) 253-0785
E-mail: *don@ohiodefensefirm.com*

1

# MEMORANDUM IN SUPPORT

## I. BACKGROUND

On January 3, 2019, agents from the Border Enforcement Security Task Force ("BEST") and Akron Police Department ("APD") conducted a controlled delivery of a package addressed to the residence of the Defendant, Donyea Nelson. The package was delivered, and once notified that the package had been opened, the agents executed a search warrant on the residence. Mr. Nelson was apprehended in the execution of the search warrant.

The search produced the six press die which were contained in the package used for the controlled delivery, a press machine, powered substances which were not tested on the scene, and an unloaded firearm. Mr. Nelson was questioned about the seized items. Mr. Nelson was cooperative with agents and provided a statement to the agents in which he answered all of their questions. He was subsequently charged with violations under 21 USC § 843(a)(5) and 18 USC §922(g)(1).

At initial appearance held on January 8, 2019, the government moved for pretrial detention of Mr. Nelson. A detention hearing was subsequently held on January 11, 2019. At that hearing, the government proffered evidence in support of detaining Mr. Nelson. (Detention Hearing Tr. pg. 10-16). Counsel for Mr. Nelson also proffered evidence in support of Mr. Nelson's release through a report produced by Pretrial Services. (Tr. pg. 16-18). Finally, the Court heard evidenced from Pretrial Services. (Tr. pg. 18). It was recommended by Pretrial Services that Mr. Nelson be released on bail with various conditions including drug screens and chemical dependency treatment. (Tr. pg. 19, 22). Magistrate Judge Burke, after considering all relevant



MALARCIK, PIERCE, MUNYER, & WILL
— ATTORNEYS AT LAW —

DONALD MALARCIK
ATTORNEY AT LAW

The Gothic Building
54 E Mill St
Suite 400
Akron, OH 44308

www.ohiodefensefirm.com
(330) 253-0785

factors, denied the government's motion for detention, ordered Mr. Nelson be released on bond, and stayed his release pending an appeal by the government. (Tr. pg. 23, 27).

## II. LAW

### A. STANDARD OF REVIEW

A Magistrate Judge's order of a defendant's pretrial detention is reviewed *de novo*. *United States v. Amir*, No. 1:10CR439-001, 2011 WL 2711350, at 3 (N.D. Ohio July 13, 2011). A *de novo* review requires that a district judge "make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben,* 974 F.2d 580, 585 (5th Cir.1992) quoting *United States v. Pritchard*, No. 5:08MJ5017, 2008 WL 920434, at 1 (N.D. Ohio Apr. 3, 2008).

### B. REQUIREMENTS UNDER THE BAIL REFORM ACT



Although the district judge reviews the magistrate's decision *de novo*, Section 3142 of Title 18 requires that a defendant be detained pending trial *only if* a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (emphasis added).

§ 3142(e)(2) establishes a scenario in which a rebuttable presumption arises that no conditions or combination of conditions will reasonably assure the safety of any other person or community:

> (A) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;



(B) the offense described in subparagraph (A) was committed while the person was on release pending trial for a Federal, State, or local offense; and
(C) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in subparagraph (A), whichever is later.

Additionally, § 3124(e)(3) establishes scenarios in which a rebuttable presumption arises that no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community:

(A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
(B) an offense under section 924(c), 956(a), or 2332b of this title;
(C) an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed;
(D) an offense under chapter 77 of this title for which a maximum term of imprisonment of 20 years or more is prescribed; or
(E) an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

During the initial hearing, the government, defendant, and Magistrate all agreed that none of the above mentioned rebuttable presumptions apply to Mr. Nelson. (Tr. pg. 7-8). Accordingly, "[t]he default position of the law, therefore, is that a defendant should be released pending trial." *U.S. v. Stone* at 945.

### C. BURDEN OF PROOF

§ 3142(g) sets forth the factors to be considered by the judicial officer in determining whether the defendant should remain detained pending trial. Through these factor, the

4

government bears the burden of establishing by clear and convincing evidence that no condition or combination thereof will reasonably assure the safety of the community. *United States v. Shrewder*, No. 1:05 CR 131-9, 2005 WL 8159962, at 2 (N.D. Ohio July 25, 2005) quoting *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Hinton*, 113 Fed. Appx. 76, 77 (6th Cir. Sep. 20, 2004); *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). Clear and convincing evidence is "[e]vidence indicating that the thing to be proved is highly probable or reasonably certain. This is a greater burden than preponderance of the evidence, the standard applied in most civil trials, but less than evidence beyond a reasonable doubt." Black's Law Dictionary (10th ed. 2014).

Additionally, the government bears the burden of proving by a preponderance of the evidence that no condition or combination of conditions will assure the defendant's appearance. *U.S. v. Shrewder* at 2. Preponderance of the evidence is "superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." Black's Law Dictionary (10th ed. 2014).

In analyzing the factors of § 3142(g), Mr. Nelson submits that the government has met neither of the required standards to prove that Mr. Nelson is unlikely to appear for court proceedings or a danger to any person or the community as a whole.

### D. 18 U.S.C. 3142(g) FACTORS

#### 1. Nature and Circumstances

Factor (1) asks the judicial officer to consider the nature and circumstances of offense charged, including whether the offense is a crime of violence, a violation of section 1591, a





Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device. 18 U.S.C. §3142(g)(1). The firearm seized was not loaded and no ammunition was found in the home. Additionally, when Mr. Nelson was interviewed by Pretrial Services, he indicated that he did not have or possess any other weapons. (Tr. pg. 18). To support this, the Pretrial Services officer completed a walk-through of the residence Mr. Nelson was to be released to. (Tr. at 27). Based on that walkthrough, the Pretrial Services officer made a recommendation that Mr. Nelson be released to that residence.

2. **Weight of the Evidence**

Weight of the evidence as a consideration for pretrial release goes to the weight of the defendant's dangerousness, not the weight of the defendant's guilt. *United States v. Stone*, 608 F.3d 939 at 948. The only evidence weighing against Mr. Nelson in this regard are the items seized from Mr. Nelson's residence including the press and the firearm. As stated earlier, a Pretrial Services officer completed a walkthrough of Mr. Nelson's residence to confirm that no other contraband or illegal materials were present in the home. The government proffered Mr. Nelson's criminal history as support of his dangerousness. (Government's Motion pg. 8). A review of Mr. Nelson's criminal history shows a divergence from violent propensities over the years. Mr. Nelson has not been charged or convicted of a violent crime in nearly ten years. *Id*.

At the detention hearing held on January 11, 2019, the Pretrial Services officer made no statements regarding Mr. Nelson's dangerousness and expressed no concern for his possible dangerousness to himself, the community, or another person. These was no evidence proffered that Mr. Nelson has been a threat or a danger to his children or their mother. Additionally, at the January 11, 2019 hearing, the government, in an attempt to bolster their argument, made speculative statements about Mr. Nelson's access to other firearms or pill pressed. (Tr. pg. 14).

These statements should not be considered when determining whether they have met their burden of proof. Finally, the Court in the initial hearing acknowledged that Mr. Nelson's criminal history shows a tendency away from violence. (Tr. pg. 21-22). Accordingly, the evidence proffered at the January 11, 2019 hearing Leans more favorably to support the argument that Mr. Nelson is not a danger to himself, anyone else, or the community.

3. **History and Character of the Person**

Considerations included in this factor are the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceeding. As this factor relates to Mr. Nelson, the government has offered little evidence tending to show that this factor should be construed against Mr. Nelson. Mr. Nelson concedes that he has struggled with drug abuse for the majority of his life. However, the Court in the initial hearing determined that random drug screens and chemical dependency treatment would be sufficient conditions of release to assure Mr. Nelson appeared for court and would not be a danger to the community or another person. (Tr. pg. 25).

Further, the Court considered all other factors in favor of Mr. Nelson noting that he has been a resident of the community for "some time" (approximately four years), does not have any physical or mental illness that would weigh against him, has been gainfully employed, and has family ties to the community in the form of his girlfriend and two minor children with whom he lives. (Tr. pg. 20-22).

Subsection (g)(3) has additional factors to consider: at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. None of



MALARCIK, PIERCE, MUNYER, & WILL
ATTORNEYS AT LAW

DONALD MALARCIK
ATTORNEY AT LAW

The Gothic Building
54 E Mill St
Suite 400
Akron, OH 44308

www.ohiodefensefirm.com
(330) 253-0785

7

these factors apply to Mr. Nelson. Additionally, Mr. Nelson has no history of not appearing for court in his past.

4. **Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Person's Release**

Mr. Nelson's charges are related to his possession of a punch die plate imprint and being a felon in possession of a firearm. The items that form the basis for these charges have been seized. A walkthrough by a Pretrial Services officer revealed no further contraband in the residence to which Mr. Nelson would be released. If Mr. Nelson posed a threat to any person or the community, that threat has been removed and conditions have been put in place to assure the safety of any said person and the community. The ultimate question for the Court to tackle is whether Mr. nelson will pose a threat to any person or the community if granted bail during the following proceedings. Magistrate Judge Burke, with guidance from the Pretrial Services officer, determined that, based on the evidence proffered, Mr. Nelson had moved away from violent tendencies, and if anything, was a greater risk to himself than any other person or the community. For this, the Court imposed conditions to assure Mr. nelson's safety, the safety of any other person, and the safety of the community.

## CONCLUSION

The question the Court is faced with is whether *any* condition or set of conditions will reasonably assure the appearance of the person as required and the safety of any other person or the community. 18 U.S.C. 3142. It is the government's burden to prove by clear and convincing evidence that no set of conditions can assure the safety of any person or the community. *United States v. Shrewder*, at 2. It is also the government's burden to prove by a preponderance of the evidence that no condition or set of conditions will assure subsequent



8

appearances. *Id.* the government has failed to meet either of these burdens. The Court at the initial hearing left no stone unturned and considered all relevant factors set forth in 18 U.S.C. 3142(g). The Court imposed appropriate conditions to both aid in Mr. Nelson's recovery, and assure that he would be present at subsequent appearance. Although this Court review's the Magistrate's decision *de novo,* keeping Mr. Nelson in custody is only appropriate in the most limited of circumstances. Both parties and this Court are in agreement that the presumptions in §3142(e) do not apply to Mr. Nelson. Accordingly, absent a finding that no condition or set of conditions will assure Mr. Nelson's appearance or safety of another person or the community, Mr. Nelson should be granted bail.



Respectfully submitted,

_____
DONALD J. MALARCIK (0061902)
Attorney for Defendant
54 E. Mill Street, Suite 400
Akron, Ohio 44308
(330) 253-0785
E-mail: *don@ohiodefensefirm.com*

CERTIFICATE OF SERVICE

9

A copy of the foregoing Response to Plaintiff's Motion to Revoke was filed electronically this 25th day of January, 2019. Notice will be sent via the Court's electronic filing system to all listed parties.

                                              DONALD J. MALARCIK
                                              Attorney for Defendants



MALARCIK, PIERCE, MUNYER, & WILL
ATTORNEYS AT LAW

**DONALD MALARCIK**
ATTORNEY AT LAW

The Gothic Building
54 E Mill St
Suite 400
Akron, OH 44308

www.ohiodefensefirm.com

(330) 253-0785